IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

JUDGE KATHLEEN CARDONE

FILED
2014 JUN 23  PM 3: 29
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| HENRY LOZANO | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | Cause No. _____ |
| v. | § | |
| VICENTE ORTEGA, Individually | § | |
| and as a Police Officer( #2763) | § | |
| with the El Paso Police Department, | § | |
| GREG ALLEN, as Chief of Police | § | |
| of the El Paso Police Department | § | |
| and THE CITY OF EL PASO | § | |
| | § | **EP 14CV0239** |
| **Defendants.** | § | |

---

## CIVIL RIGHTS COMPLAINT WITH REQUEST FOR TRIAL BY JURY

---

Plaintiff, Henry Lozano, by and through his attorney, Mario A. Gonzalez, complains against Defendant and requests trial by jury as follows:

## I. INTRODUCTION

1.      This is an action brought by Henry Lozano, an American citizen of Mexican ancestry, to vindicate profound deprivations of his constitutional rights caused by race based police brutality.

2.      On June 24, 2012, Plaintiff, then 24 years old, was stopped by El Paso police as he walked to his place of employment located at the Walmart located at 7555 N. Mesa, El Paso, Texas, which is located next to the Home Depot store where the incident making the basis of this suit took place.

3.      During the course of this stop, Mr. Lozano, was not only senselessly beaten, but also discriminated by El Paso police officers who called him and idiot. At the time, he was

known to be defenseless.

4.      The Defendant officers assaulted Mr. Lozano with their fists, knees and an unknown object, beating his face, head and body many times and being slammed to the ground until he was almost rendered unconscious.

5.      In concert or conspiracy, Defendants then maliciously and baselessly caused Plaintiff to be prosecuted with the serious charge of Resisting Arrest, for which a magistrate refused to find probable cause and accept the charge or sign an arrest warrant and Unlawful Use of a Criminal Instrument, a charge that was subsequently declined by the El Paso District Attorney.

## II.

## JURISDICTION, VENUE, AND NOTICE

6.      This action arises under the Constitution and laws of the United States, including Article III, Section 1, of the United States Constitution, and is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 42 U.S.C. § 1988. The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367.

7.      This is a civil action for damages against Defendants, VICENTE ORTEGA, Individually and as a police officer for the City of El Paso, Texas, GREG ALLEN as the Chief of Police of the El Paso Police Department, and THE CITY OF EL PASO, TEXAS (the "Governmental Entities", under 42 U.S.C. §1983 and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution; for relief under Article 1, Section 9, 13, and 19 of the Texas Constitution.  It is also a suit for the personal injuries suffered by Plaintiff because of the excessive force used against him by Defendant VICENTE ORTEGA under state law and under common law.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343, and 1367.

8.      This case is instituted in the United States District Court for the Western District of

Texas pursuant to 28 U.S.C. §1391 as the judicial district in which all relevant events and omissions occurred and in which Defendant maintains offices and/or resides.

### III. PARTIES

9.      At all times relevant hereto, Plaintiff Henry Lozano was a resident of the State of Texas and a citizen of the United States of America.

10.      Defendant City of El Paso, hereinafter "Defendant City," is a Texas municipal corporation and is the legal entity responsible for itself and for the El Paso Police Department. This Defendant is also the employer of the individual Defendants and is a proper entity to be sued under 42 U.S.C. § 1983.

11.      Defendant City is properly sued directly under 42 U.S.C. § 1983 for its own and its delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries, and may be served by serving its Mayor, The Honorable Oscar Leeser, at 300 N. Campbell, El Paso, Texas 79901.

12.      Defendant VICENTE ORTEGA is a police officer with the City of El Paso and resides in El Paso County, Texas He is sued in both his individual and official capacity and may be served at his place of employment, 9600 Dyer, El Paso, Texas 79924.

13.      Defendant GREG ALLEN is the Chief of Police of the El Paso Police Department and the chief policy maker for the City of El Paso regarding the training, supervision and activities of the El Paso Police Department. He is sued in his official capacity and may be served at his place of employment, 911 N. Raynor, El Paso, Texas, 79903.

## IV. STATEMENT OF FACTS

14.     Plaintiff incorporates all of the preceding paragraphs, including the allegations and in the Introduction, as if they were fully set forth again at this point.

15.     On June 24, 2012, at approximately 3:00 A.M. , HENRY LOZANO, hereinafter Plaintiff,  was walking to his place of employment and was walking next to a car wash locate at the 7411 N. Mesa, in El Paso, El Paso County, Texas.

16.     Plaintiff is learning disabled and has a mental incapacity which does not permit him to immediately understand complex commands.  Even Though Plaintiff was 24 years old at the time of this incident, his ability to reason is closer to that of a 13 year old.

17.     Plaintiff is well known by the owners of the car wash located at 7411 N. Mesa and often times picks up trash and helps around the business.

18.     On the day in question, Plaintiff found a pair of clippers in the trash can located next to the car wash.

19.     As is Plaintiff's custom, he always carries a back pack with personal belongings and on this occasion it was no different.

20.     After Plaintiff found the clippers, he placed them in his back pack and as he walked by the coin operated machines he checked the return slot to see if there was any excess change.

21.     Finding no change, Plaintiff continued to walk past the business and through the parking lot upon which the business sits, in front of a Home Depot home improvement store and next to the Walmart that Plaintiff is employed at.

22.     As Plaintiff continued through the parking lot towards the Home Depot, an unmarked police car driven by Officer Vicente Ortega, of the El Paso Police Department careened in front of Plaintiff.

23.     The unmarked car swerved in front of Plaintiff, putting plaintiff in great fear for his safety and well-being.

24.     Plaintiff tried to run from the car, believing himself to be the victim of a criminal act by an unknown would-be assailant.

25.     Defendant ORTEGA jumped out of the unmarked police vehicle with his service handgun drawn yelling at the Plaintiff without ever attempting to identify himself to Plaintiff.

26.     Defendant Ortega was dressed in plain clothes and Plaintiff reasonably believed a stranger was trying to kill him.

27.     Defendant ORTEGA continued to shout unintelligibly at Plaintiff as he ran towards him.

28.     Plaintiff started to run away in desperate panic to keep himself from being murdered.

29.     Plaintiff was tackled from behind and was beaten severely by Defendant ORTEGA and other unknown police officers.

30.     Plaintiff yelled to stop because he was in severe pain due to his injuries and feared for his life.  Defendant ORTEGA ignored Plaintiff's pleas and proceeded to slam and beat Plaintiff several more times causing him serious pain and injuries.  ORTEGA then

handcuffed Plaintiff's hands behind his back.

31.    Plaintiff continued to cry out in pain telling ORTEGA to stop. ORTEGA
responded by calling Plaintiff an "IDIOT" and an STUPID FUCK!" ORTEGA then, in a
fit of rage, took Plaintiff's head in his hands and slammed his face on the ground a
second time and slapped him viciously.

32.    ORTEGA knew and it immediately became apparent to him that Plaintiff was
mentally impaired and he tried to force and coerce Plaintiff into admitting that Plaintiff
was involved in criminal conduct.

33.    Plaintiff suffered injuries to his shoulder, face, eyes, knees, arms, elbows, back
and abdomen, and severe mental injury and intense and severe emotional distress.
Plaintiff asserts ORTEGA's conduct involved unequal, adverse treatment of Plaintiff,
which treatment violated both the Plaintiff's right to equal protection of law under the
14th Amendment to the U.S. Constitution.  ORETGA's conduct also constituted false
imprisonment, malicious prosecution, assault and intentional infliction of emotional
distress on the Plaintiff.

34.    After Plaintiff's arrest, he was placed into an unknown officer's police vehicle
where he lost consciousness.

35.    On information and belief, the Plaintiff was not accepted for booking at the El
Paso County Detention Facility because of his injuries.

36.    Plaintiff was therefore transported to the University Medical Center, a county
hospital, for treatment.

37.    Defendant, THE CITY OF EL PASO, has created a police department for

enforcement of local and state laws within its jurisdiction.

38.     THE CITY OF EL PASO has failed to properly train and supervise its police officers, contributing to the incident making the basis of this suit.  This lack of training led to various incidents in which excessive force has been used against individuals by the El Paso Police Department, resulting in injuries or death.

39.     THE CITY OF EL PASO has acted with deliberate indifference to the clearly established 4th Amendment rights of the Plaintiff, and allowed its police officers to follow an unwritten custom or policy of arresting Plaintiff, or people similarly situated, even when not legally authorized to do so.

40.     Defendant ORTEGA attempted to cover up the beating and injuries he inflicted on Plaintiff and filed a false police report, and a complaint affidavit charging Plaintiff with the offense of "Unlawful Use of a Criminal Instrument" and "Resisting Arrest" trying to make it appear that the Plaintiff had been arrested lawfully, when in fact he was a victim of Defendant ORTEGA'S unprovoked attack

41.     Defendant ORTEGA committed the offense of aggravated assault with a deadly weapon, under Texas Law, by attempting to run over Plaintiff with his vehicle and by pointing a hand gun at him, which in the manner of their use or intended use could cause death or serious bodily injury.

42.     Vicente Ortega beat Plaintiff, subjecting him to deadly force.

43.     Vicente Ortega engaged in this unprovoked attack.  None of the other unknown officers took any steps to protect the Plaintiff against the other officer's use of excessive force, despite being in a position and having a duty to do so.

44.     The charge of resisting arrest brought against Plaintiff was immediately not

accepted by the magistrate to whom the charge was presented that same day.

45.     The charge of unlawful use of a criminal instrument was eventually declined for prosecution by the office of the district attorney.

46.     All of the above-described acts were done by the Defendants intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for Mr. Lozano's federally protected rights, and were done pursuant to the preexisting and ongoing deliberately indifferent official custom, practice, decision, policy, training, and supervision of the Defendant City acting under color of state law.

47. With deliberate indifference to the rights of citizens to be free from excessive force by police, the Defendant City has an ongoing basis encouraged, tolerated, ratified, and acquiesced to a dangerous environment of police brutality by:

      a.   failing to conduct sufficient training or supervision with respect to the constitutional limitations on the use of force;

      b.   by failing to adequately punish unconstitutional uses of force;

      c.   by tolerating the use of unconstitutional force;

      d.   by failing to properly or neutrally investigate citizen complaints of excessive force; and,

      e.   by tolerating, encouraging, and permitting collusive statements by involved officers in such situations.

48.     It is the longstanding widespread deliberately indifferent custom, habit, practice and/or policy of the Defendant City and the El Paso Police Department to permit police officers to use excessive force against individuals when such use is unnecessary and unjustified, as well as to fail to supervise and to train deputies in the appropriate constitutional limits on the use of force, knowing that these members of law enforcement therefore pose a significant risk of injury to the public.

49.     With deliberate indifference to the rights of citizens to be free from abuse, and harassment by law enforcement for people with disabilities, the Defendant City has continuously encouraged, tolerated, ratified, and acquiesced to police abuse and harassment by:

    a.     failing to conduct sufficient training or supervision with respect to the rights of citizens to be free from racism and disability based discrimination by law enforcement;

    b.     by failing to adequately punish race based and/or disability based law enforcement actions;

    c.     by continuing to tolerate, slurs, and race based and/or disability based selective law enforcement among the police force and in police decisions;

    d.     and by failing to properly investigate citizen complaints of race and/or disability based discrimination, use of slurs, racial profiling and race and disability based animus, and toleration of collusive statements by involved officers in such situations.

50.     It is the longstanding widespread deliberately indifferent custom, habit, practice and/or policy of the Defendant City and the El Paso Police Department to permit police officers to use disability and disability based animus as motivating factors in police decisions and actions, as well as to fail to supervise and to train deputies in the rights of citizens to be free from such disability based decision making in law enforcement.

51.     With deliberate indifference to the rights of citizens to be free from retaliation for exercising their First Amendment rights, the Defendant City has continuously encouraged, tolerated, ratified, and acquiesced to a dangerous environment of police retaliation to the exercise of such rights by:

    a.     failing to conduct sufficient training or supervision with respect to the protected speech rights of citizens to question the actions of police without retaliation;

    b.     by failing to adequately punish retaliation by police against members of the public who exercise their protected speech rights to object to police conduct;

    c.   by tolerating the use of retaliation based on protected speech;

    d.  and by continuously failing to properly investigate citizen complaints of retaliation for exercising their First Amendment Rights.

52.    It is the longstanding widespread deliberately indifferent custom, habit, practice and/or policy of the Defendant City, Defendant Allen and the El Paso Police Department to permit police officers to retaliate against individuals for exercising First Amendment rights, as well as to fail to supervise and to train deputies in the constitutional rights of individuals.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Excessive Force in violation of the Fourth and Fourteenth Amendments
(Against Defendants Ortega and
unknown officers)

53.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

54.    42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

55.    Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

56.    All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as El Paso police officers

and their acts or omissions were conducted within the scope of their official duties or employment.

57.     At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

58.     Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

59.     Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

60.     Defendant ORTEGA'S actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting him and violated these Fourth Amendment rights of Plaintiff.

61.     Defendant ORTEGA'S  actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Mr. Lozano's federally protected rights.  The force used by this Defendant officer shocks the conscience and violated the Fourteenth Amendment rights of Plaintiff.

62.     Defendant ORTEGA  unlawfully seized Mr. Lozano by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Mr. Lozano of his freedom.

63.     The force used constituted deadly force in that it could have caused

death and did cause serious bodily injury.

64.     None of the unknown Defendant officers took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force of officer ORTEGA or from the excessive force of later responding officers despite being in a position to do so.  They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

65.     Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Lozano's federally protected constitutional rights.

66.     They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

67.     The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

68.     These individual Defendants acted in concert and joint action with each other.

69.     The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

70.     These individual Defendants are not entitled to qualified immunity for the complained of conduct.

71.     The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

72.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically, psychological and other special damages related expenses, in amounts to be established at trial.

73.     On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed head injury, in amounts to be ascertained in trial.  Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.  There may also be special damages for lien interests.

74.     In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983 – Racial Discrimination in Violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1981**
(Against Defendant Ortega)

75.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

76.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation,
> custom or usage of any state or territory or the District of Columbia
> subjects or causes to be subjected any citizen of the United States or
> other person within the jurisdiction thereof to the deprivation of any
> rights, privileges or immunities secured by the constitution and law
> shall be liable to the party injured in an action at law, suit in equity, or
> other appropriate proceeding for redress . . .

77.     Plaintiff in this action is a citizen of the United States and all of

the individual police officer Defendants to this claim are persons for purposes of 42

U.S.C. § 1983.

78.     All individual Defendants to this claim, at all times relevant hereto,

were acting under the color of state law in their capacity as El Paso police officers

and their acts or omissions were conducted within the scope of their official duties or

employment.

79.     At the time of the complained of events, Plaintiff had the clearly

established constitutional right to be free from racial discrimination in law

enforcement by police officers and to enjoy the equal protection of the laws.

80.     Title 42 U.S.C. § 1981("Section 1981") provides, in pertinent part:

(a) All persons within the jurisdiction of the United States shall have the same
right in every State and Territory to make and enforce contracts, to sue, be parties,
give evidence, and to the full and equal benefit of all laws and proceedings for the
security of persons and property as is enjoyed by white citizens, and shall be
subject to like punishment, pains, penalties, taxes, licenses, and exactions of every
kind, and to no other.

81.     Plaintiff, as an Mexican American is a member of a protected class,

and thus also had the clearly established statutory right under this provision of 42

U.S.C. § 1981 to be free from racially motivated beatings, arrests, searches, and the

filing of false charges.

82.     Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

83.     Plaintiff's race was a motivating factor in the decisions to use excessive force and then maliciously prosecute Plaintiff with false charges.  Defendants' conduct was undertaken with the purpose of depriving Plaintiff of the equal protection and benefits of the law, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and §1981.

84.     Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Lozano's federally protected rights.

85.     The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

86.      These individual Defendants acted in concert and joint action with each other.

87.     The acts or omissions of Defendants as described herein intentionally deprived plaintiff of his constitutional and statutory rights and caused him other damages.

88.     Defendants are not entitled to qualified immunity for the complained of conduct.

89.     The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

90.     As a proximate result of Defendants' unlawful conduct, Plaintiff has

suffered actual physical and emotional injuries, and other damages and losses as

described herein entitling him to compensatory and special damages, in amounts to be

determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff

has incurred special damages, including medically related expenses and may continue

to incur further medically and other special damages related expenses, in amounts to be

established at trial.

91.     On information and belief, Plaintiff may suffer lost future earnings and

impaired earnings capacities from the not yet fully ascertained sequelae of his closed

head injury, in amounts to be ascertained in trial.  Plaintiff is further entitled to

attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs

as allowable by federal law.  There may also be special damages for lien interests.

92.     In addition to compensatory, economic, consequential and special damages,

Plaintiff is entitled to punitive damages against each of the individually named Defendants

under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants

have been taken maliciously, willfully or with a reckless or wanton disregard of the

constitutional and statutory rights of Plaintiff.

### THIRD CLAIM FOR RELIEF
**42 U.S.C. § 1983 – Retaliation in Violation of the First
and Fifth Amendment**
(Against Defendant Ortega)

93.     Plaintiff hereby incorporates all other paragraphs of this Complaint as

if fully set forth herein.

94.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation,
> custom or usage of any state or territory or the District of Columbia
> subjects or causes to be subjected any citizen of the United States or

other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

95.     Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

96.     All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as El Paso police officers and their acts or omissions were conducted within the scope of their official duties or employment.

97.     At the time of the complained of events, Plaintiff the clearly established constitutional right to be free from retaliation for the exercise of protected speech.

98.     Any reasonable police officer knew or should have known of this right at the time of the complained of conduct as it was clearly established at that time.

99.     Mr. Lozano exercised his constitutionally protected right to question law enforcement and/or engaged in protected speech related to the constitutional rights of citizens with respect to searches of their property by the police and objectionable police conduct.

100.     Retaliatory animus for Mr. Lozano's exercise of his constitutionally protected right to not incriminate himself and to aver that he had not committed any offense was a substantially motivating factor in the excessive force used by individual Defendants.

101.     The excessive force used against Plaintiff in retaliation for his

protected conduct would deter a person of ordinary firmness from continuing to engage in the protected conduct.

102.     Defendant Ortega participated in this use of force as a means of retaliation for his protected speech and none of the unknown Defendant officers took reasonable steps to protect Plaintiff from this retaliation for the protected speech.  They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

103.     Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Lozano's federally protected constitutional rights.

104.     The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

105.     These individual Defendants acted in concert and joint action with each other.

106.     The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

107.     Defendants are not entitled to qualified immunity for the complained of conduct.

108.     The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

109.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as

described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

110.     On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed head injury, in amounts to be ascertained in trial.  Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.  There may also be special damages for lien interests.

111.     In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## FOURTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Malicious Prosecution in violation of the Fourth and Fourteenth Amendments
(Against Defendant Ortega and
Unknown Police Officers)

112.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

113.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

rights, privileges or immunities secured by the constitution and law
shall be liable to the party injured in an action at law, suit in equity, or
other appropriate proceeding for redress . . .

114.     Plaintiff in this action is a citizen of the United States and all of
the individual police officer Defendants to this claim are persons for purposes of 42
U.S.C. § 1983.

115.     All individual Defendants to this claim, at all times relevant hereto,
were acting under the color of state law in their capacity as El Paso police officers
and their acts or omissions were conducted within the scope of their official duties or
employment.

116.     At the time of the complained of events, Plaintiff had the clearly
established constitutional right to be free from malicious prosecution without probable
cause under the Fourth Amendment and in violation of due process under the
Fourteenth Amendment.

117.     Any reasonable police officer knew or should have known of these
rights at the time of the complained of conduct as they were clearly established at
that time.

118.     Individual Defendants violated Mr. Lozano's Fourth and Fourteenth
Amendment rights to be free from malicious prosecution without probable cause and
without due process when they worked in concert to secure false charges against him,
resulting in his unlawful confinement and prosecution.

119.     Individual Defendants conspired and/or acted in concert to institute,
procure and continue a criminal proceeding for Unlawful Use of a Criminal
Instrument and Evading Arrest against Mr. Lozano without probable cause.

120.      Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Lozano's federally protected constitutional rights.

121.      The procurement of prosecution against Mr. Lozano for the known to be false allegations of Unlawful Use of a Criminal Instrument and Evading Arrest were malicious, shocking, and objectively unreasonable in the light of the circumstances.

122.      Those criminal proceedings terminated in Plaintiff's favor.   The prosecutor dropped the charges without any compromise by Plaintiff, reflecting a prosecutorial judgment that the case could not be proven beyond a reasonable doubt.

The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

123. These individual Defendants acted in concert and joint action with each other.

124. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

125. Defendants are not entitled to qualified immunity for the complained of conduct.

126.      The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in its actions pertaining to Plaintiff.

127.      As a proximate result of Defendants' unlawful conduct, Plaintiff has

suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

128.     On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed head injury, in amounts to be ascertained in trial.  Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.  There may also be special damages for lien interests.

129.     In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**FIFTH CLAIM**
**FOR RELIEF**
**Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies,**
**Practices, Customs,**
**Training, and Supervision in violation of the Fourth, Fifth,**
**Eighth, Fourteenth, and First**
**Amendments and in violation of 42**
**U.S.C. § 1981**
(Against City of El Paso and Defendant Allen only)

130.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

131.     42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

132.     Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

133.     The Defendants to this claim at all times relevant hereto were acting under the color of state law.

134.     Plaintiff had the following clearly established rights at the time of the complained of conduct:

   a.   the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment;

   b.   the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

   c.   the right to exercise his rights of free speech under the 1st Amendment without retaliation, or forced incrimination under the 5th Amendment.

   d.   the right to be free from discrimination by police under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981; and,

   e.   the right to be free from malicious prosecution under the Fourth and Fourteenth Amendments.

135.     Defendant ALLEN and Defendant City knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

136.     The acts or omissions of these Defendants, as described herein, deprived Mr. Lozano of his constitutional and statutory rights and caused him other damages.

137.     The acts or omissions of Defendants as described herein

intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

138.     Defendants are not entitled to qualified immunity for the complained of conduct.

139.     Defendant ALLEN, and Defendant City were, at all times relevant, policymakers for the City of El Paso and the El Paso Police Department, and in that capacity established policies, procedures, customs, and/or practices for the same.

140.     These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Mr. Lozano's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

141.     Defendant ALLEN and the Defendant City have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

142.     In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and

supervision is deliberately indifferent to those rights.

143.    The deliberately indifferent training and supervision provided by Defendant City and Defendant ALLEN resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendant City and Defendant ALLEN and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

144.    As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

145.    On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his closed head injury, in amounts to be ascertained in trial.  Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.  There may also be special damages for lien interests.

146.    Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 to redress Defendants' above described ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein, and with respect to the ongoing policy and/or practice of the El Paso Police Department's failure to investigate or appropriately

handle complaints of the same, which Defendants have no intention for voluntarily correcting despite obvious need and requests for such correction.

### Violation of Article 1, §§ 9, 13 and 19 Texas Constitution

147.    Plaintiff hereby incorporates Paragraph 1 through 52 above.  Plaintiff would show that Defendant ORTEGA's actions and THE CITY OF EL PASO Police Department's policies were actions under color of law in derogation of Plaintiff's clearly established right to be secure in his person from unreasonable search and seizure; to not have cruel or unusual punishment inflicted upon him; and not to be deprived of life, liberty, property, privileges or immunities, except by the due course of law, under Article 1, Sections 9, 13, and 19 of the Texas Constitution.   Therefore, pursuant to Texas law, Plaintiff is entitled to injunctive relief, to prevent the continuing violation of his rights, and Plaintiff requests the same.

### Assault & Battery

148.    Plaintiff hereby incorporates Paragraph 1 through 52, above.  These actions taken singly or together constitute assault and battery of the Plaintiff's person. Plaintiff therefore seeks actual and punitive damages against Defendant ORTEGA.

### Intentional Infliction of Emotional Distress

149.    Plaintiff hereby incorporates Paragraph 1 through 52, above.  These actions taken singly or together constitute Intentional Infliction of Emotional Distress against the Plaintiff.  Plaintiff therefore seeks actual and punitive damages against Defendant ORTEGA.

### VI. PRAYER
### FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against

each Defendant and grant:

A. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

B. economic losses on all claims allowed by law;

C. special damages in an amount to be determined at trial;

D. punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

E. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including any expert witness fees on all claims allowed by law;

F. pre- and post-judgment interest at the lawful rate; and,

G. any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted this 23rd day of June, 2014

Mario A. Gonzalez
Attorney for Plaintiff
TBN 08130710
1715 Wyoming Ave.,
El Paso, Texas  79902
Telephone: (915) 543-9802
Facsimile (915) 533-0588
Email:  mario@gonzalezlawfirm.com

```
DUPLICATE

Court Name: TEXAS WESTERN
Division: 3
Receipt Number: 300019761
Cashier ID: mcadena
Transaction Date: 06/23/2014
Payer Name: MARIO A. GONZALEZ
-----------------------------------
CIVIL FILING FEE
 For: HENRY LOZANO
 Amount:      $400.00
-----------------------------------
PAPER CHECK
 Amt Tendered:  $400.00
-----------------------------------
Total Due:      $400.00
Total Tendered: $400.00
Change Amt:     $0.00

CIVIL FILING FEE,
DTXW314CV239KC/NJG, HENRY LOZANO V.
VICENTE ORTEGA, ET AL
```